IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESUS MUNGUIA,<br><br>            Plaintiff,<br><br>v.<br><br>MASTER CLEANING,<br><br>            Defendant. | **REPORT AND RECOMMENDATION TO DISMISS CASE AND DENY MOTION FOR SERVICE OF PROCESS**<br><br>Case No.  2:15-cv-00608-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

On August 31, 2015, Plaintiff Jesus Munguia, proceeding pro se and in forma pauperis, filed a Complaint against Defendant Master Cleaning alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964.  (Compl. 1, ECF No. 3.) On September 2, 2015, District Judge Clark Waddoups referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  After a December 2, 2015 hearing, the Court denied Mr. Munguia's motion for appointment of counsel and ordered Mr. Munguia to "amend his Complaint to make clear what facts support his claims that Master Cleaning discriminated against him based on race, national origin, or sex" by January 15, 2016.  (December 2, 2015 Order, ECF No. 8.)  On January 15, 2016, the Court granted a one month extension for Mr. Munguia to file his amended complaint up to and including February 15, 2016. (Order re: Mot. for Extension of Time to Amend Compl., ECF No. 11.)[1]  Mr. Munguia sent a letter to the Court indicating he would try to obtain a lawyer and move forward with the case by the end of 2016.

---

[1] A typographical error in the Order stated Mr. Munguia had until February 15, 2015 to file his amended complaint, but the Order clearly intended to give Mr. Munguia until February 15, 2016 to file his amended complaint.

1

(ECF No. 12-1.)  As of the date of this Report and Recommendation more than six months later, Mr. Munguia has yet to file an amended complaint.

Title VII makes "discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin" unlawful.  42 U.S.C. § 2000e-2(a)(1).  To establish a prima facie case of discrimination, a plaintiff must show:  "(1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, (3) [he] qualified for the position at issue, and (4) [he] was treated less favorably than others not in the protected class."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  At the pleading stage, while a plaintiff need not "set forth a prima facie case for each element, [he] is required to set forth plausible claims."  *Id.* at 1193.

Mr. Munguia's Complaint lacks the necessary detail a complaint must have to put the other side on notice, even for a pro se plaintiff.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (noting Federal Rule of Civil Procedure 8(a)(2) requires a claimant to provide "'fair notice' of the nature of the claim, [and] also 'grounds' on which the claim rests").  Most of Mr. Munguia's allegations center on "people from the building" – with no identification of whether Master Cleaning employs them or they work for Master Cleaning's client – subjecting him to verbal harassment, and Master Cleaning fired him.  (*See* Compl. 4-6, ECF No. 3.)  Removing all conclusory allegations, Mr. Munguia alleges the following facts:  1.  The people from the building shouted obscene words about a sexual video and internet page all the time.  (Compl., ECF No. 3 at 5.)  2.  Upon Mr. Munguia's complaining to the manger about the shouting, the manager denied any shouting occurred and told Mr. Munguia he was crazy and probably on drugs.  (*Id.*)  3.  Mr. Munguia considered suicide as a result of these actions.  (Id.)  4.

Master Cleaning terminated Mr. Munguia February 1, 2014. (*Id*. at 6.)  5.  Mr. Munguia could not pay his rent and became homeless.  (*Id.* at 4, 6.)  6.  The other employers dismissed Mr. Munguia because of the video.  (*Id.* at 6.)   These alleged facts do not state a claim for discrimination based on race, national origin, or sex.

The Court held the December 2, 2015 hearing to attempt to understand better the nature of Mr. Munguia's claim.  That hearing did not produce sufficient additional detail to state a claim under Title VII.  Nonetheless, the Court gave Mr. Munguia additional time and the opportunity to amend his Complaint to try to state a claim.  He has failed to do so.  Thus, because Mr. Munguia's Complaint fails to plead sufficient facts showing that Master Cleaning discriminated against him based on his race, color, religion, sex, or national origin, the undersigned RECOMMENDS the Court dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e).  28 U.S.C. § 1915(e)(2)(B)(ii); *see Khalik,* 671 F.3d at 1193-94 (affirming district court's dismissal of plaintiff's complaint for failure to state a plausible claim for relief under Title VII or the FMLA).

In addition, because Mr. Munguia's Complaint fails to state a claim for relief, the undersigned RECOMMENDS the Court deny Mr. Munguia's Motion for Official Service of Process (ECF No. 6).  See *Bagley v. W. Valley City*, No. 2:13-cv-897-TS, 2013 WL 6157885, at *2 (D. Utah Nov. 22, 2013) (unpublished) (denying motion for official service of process because plaintiff failed to state a claim for relief under 42 U.S.C. § 1983).

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court,

pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 6th day of September, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge